943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven B. DONOHUE, Defendant-Appellant.
 Nos. 90-3785, 90-3896.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Steven B. Donohue appeals the judgment of conviction, his sentence, and the denial of his motion to reconsider the sentence entered on his guilty plea of conspiracy to distribute cocaine and marijuana. Defendant asserts that the District Court failed to make a finding as to whether the conspiracy extended after November 1, 1987. For the reasons stated below, we VACATE the sentence and REMAND to permit the District Court to make the necessary finding and to resentence either under the Guidelines or to impose a pre-Guideline sentence.
 
 I.
 
 2
 Steven Donohue was indicted on November 15, 1989 on one count of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Count 1 of the indictment charged Donohue and co-conspirator Kim Maher with conspiring to distribute and possess marijuana and cocaine during the time period from January 1986 to January 1988. The indictment does not note any specific acts related to the crimes charged in Count 1. Count 2 charged only Maher with distributing cocaine on or about December 27, 1987. On January 26, 1990, Mr Donohue pled guilty to Count 1 of the indictment. Although there was discussion as to whether a Guideline or pre-Guideline sentence would be imposed, the issue was not resolved. At the time of the plea, the defendant agreed to the factual recital by the agent that the conspiracy existed from January 1986 to January 1988.
 
 
 3
 Subsequent to the plea, the Probation Department filed a presentence report which recommended that Donohue be sentenced under the Federal Sentencing Guidelines. Donohue filed a motion to be sentenced under the law as it stood prior to the Guidelines asserting that all the factual events which formed the basis for his guilty plea occurred prior to the effective date of the Sentencing Reform Act.
 
 
 4
 On August 10, 1990 Donohue was sentenced to 180 months, 3 years of supervised release and a $50.00 assessment as required by the Sentencing Reform Act guidelines. At the sentencing hearing the defendant also raised the issue of whether the guidelines applied. The district court rejected the claim stating that the case was a "straddle case" covering a period both before and after November 1987. The district judge did not, however, make a finding as to what evidence there was that the conspiracy extended beyond November 1, 1987. Ten days after sentencing Donohue filed a motion in District Court to reconsider the sentence again asserting a factual dispute as to whether the conspiracy extended beyond November 1, 1987. He filed a notice of appeal the same date. The District Court denied the motion on September 25, 1990. Donohue then filed an amended notice of appeal on October 5, 1990.
 
 II.
 
 5
 This Court has jurisdiction in this case despite the delayed filing of the Notice of Appeal. The appellant's timely motion for rehearing tolls the filing time period established in Federal Rule of Appellate Procedure 4(b). The Supreme Court held in United States v. Healy, 376 U.S. 75, 78 (1964):
 
 
 6
 a rehearing petition, at least when filed within the original period for review, may also extend the time for filing a petition for certiorari by a criminal defendant is the unarticulated premise on which the Court has consistently proceeded.
 
 
 7
 We believe the same rule applies to appeals to the circuit courts. Although both parties briefed this issue, the parties in this case do not dispute the court's jurisdiction.
 
 III.
 
 8
 Appellant claims that he should not have been sentenced under the Sentencing Reform Act. In support of his claim, Donohue contends that the District Court failed to make particularized findings as to the termination date of the conspiracy and abused its discretion by prohibiting Mr. Donohue from submitting testimony relating to factual inaccuracies in the presentence report. Federal Rule of Criminal Procedure 32(c)(3)(D) requires that,
 
 
 9
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary....
 
 
 10
 A trial judge must therefore make a finding on any controverted fact in the presentence report and report such finding in the sentence judgment. The judge must also set out with particularity the reasons and grounds supporting the findings. In this case, the judge did not address any controverted facts in his judgment and simply noted that this case fell within the Federal Sentencing Guidelines.
 
 
 11
 Donohue claims the Sentencing Reform Act of 1984 does not apply in his case because he withdrew from the conspiracy prior to November 1987. Offenses committed prior to November 1987 are not subject to the Act. Offenses occurring after November 1987 or "straddling" the date are subject to sentencing under the Act. United States v. Walton, 908 F.2d 1289 (6th Cir.), cert. denied, 111 S.Ct. 273 (1990). The indictment charging Donohue states that the conspiracy existed up to and including January 1988. Donohue pled guilty to the indictment. Indeed, defendant admitted that the FBI agent's statement made at the time the plea was taken with respect to the conspiracy was correct. Agent Barnett stated that "during the period of January 1984, to January 1988, the defendant Steven B. Donohue conspired with Norman Janowitz, Donald J. Stenger, Kim F. Maher and others to transport and distribute multiple kilogram quantities of cocaine and marijuana in varying hundred-pound lots." Joint App., Vol. I at 31. The presentence report indicates that Donohue admitted resuming illegal activities after the period of the conspiracy. However, he claimed that those activities constituted a separate conspiracy unrelated to the crimes charged in Count 1. As evidence of the termination of the Count 1 conspiracy, Donohue noted that Count 2, which relates to activity in 1987, applied only to his co-conspirator Kim Maher.
 
 
 12
 Donohue's allegations in his motion for sentencing under the law prior to the Guidelines raises a controverted issue of fact. Donohue alleges, contrary to the information in the presentence report, that the conspiracy in which he participate ended prior to November 1987. This factual dispute must be resolved.
 
 
 13
 The judgment is VACATED and the case REMANDED to the District Court in order that findings may be made as required by Federal Rule of Criminal Procedure 32(c)(3)(D) relative to when the conspiracy terminated. Depending on its findings, the District Court may reinstate the original sentence or sentence the defendant under the law as it existed prior to the Sentencing Reform Act.
 
 
 
 *
 The Honorable James Harvey, Senior Judge of the United States District Court for the Eastern District of Michigan, sitting by designation